## DISCRETION ON THE PART OF MUNICIPAL AUTHORITIES IN THE AWARDING OF BIDS.

### Circuit Court of Cuyahoga County.

WALTER L. ROBINSON, A TAX-PAYER, V. CITY OF CLEVELAND ET AL.

Decided, December 8, 1911.

*Municipal Corporations—Letting Contracts to Lowest and Best Bidder— Discretion Not Interfered With—Furnishing Sample.*

1. Unless the requirements of ordinance or statute have been violated, or fraud or its equivalent has been practiced, the discretion of municipal authorities in the letting of contracts to the lowest and best bidder, will not be controlled by the courts.
2. A provision in an advertisement for bids for coal that the successful bidder shall furnish a sample and fulfill his contract in conformity to it, does not invalidate the bidding or vitiate the letting pursuant to it.

*C. F. Taplin,* for plaintiff in error.
*N. D. Baker,* and *F. Desberg,* contra.

HENRY, J.; MARVIN, J., and POLLOCK, J. (sitting in place of Winch, J.), concur.

On this appeal of a tax-payer's suit to enjoin the execution of a contract for the purchase of coal for the city water works, the question presented for our decision is whether the discretion of the city officials may be controlled by injunction in the letting of contracts, after the competitive bidding prescribed by law, where the statute authorizes an award to the lowest and best

bidder. This is no longer an open question in this state. Unless the requirements of ordinance or statute in the submission have been violated, or fraud or its equivalent has been practiced in the award, the exercise of such discretion in any particular way can neither be commanded nor enjoined. *State, ex rel,* v. *Hermann et al,* 63 O. S., 440; *State, ex rel,* v. *Commissioners,* 36 O. S., 26; *Scott* v. *Hamilton,* 7 C.C.(N.S.), 493 (29 C. C., 652); *Yaryan* v. *Toledo,* 8 C.C.(N.S.), 1 (28 C. C., 259); affirmed in 76 O. S., 584.

The specifications in this case do not, as we view them, call for samples. They provide merely that samples may be called for before awarding the contract; and if a sample is furnished by the successful bidder, he must fulfill his contract in conformity with both his bid and his sample. We see no reason why the city officials may not seek all the light for themselves and all the legitimate advantage for the city that they can get from any bidder in exercising their discretion to make their award to the lowest and best of the competitors. The statutory competition is not final. It does not conclude the matter. The award is still discretionary when the competition is ended. All that the law requires is that it be exercised in good faith, and without violence to the principle of competition. *State* v. *Board of Public Affairs,* 4 C. C., 76.

It is argued that further negotiation with bidders after the bids are submitted and opened, makes it possible for one who finds that he is the lowest bidder by quite a margin to deal less generously with the city than he otherwise would. It may be presumed, however, that the lowest bidder, if an award were made to him without further negotiation, would do this anyway in so far as the limitations of his contract permit. We are not to be understood as holding that by negotiation a bidder may obtain any abatement of the requirements fixed by the terms of the submission and of his bid addressed thereto, nor are we to be understood as holding that the foregoing observations in regard to discretion have any application where the statute requires the award to be made to the lowest bidder, instead of to the lowest and best bidder.

The petition is dismissed.